GEORGE F. KING

*v.*

AMERICAN ELECTRIC VEHICLE COMPANY.

[Filed December 12th, 1905.]

Under *P. L. 1901 p. 31*, making every corporation liable to a franchise tax unless its annual return shows that it is within the exempted class, the receiver of an insolvent corporation must pay the tax, where no return has been made, even though prior to the year for which it was assessed he had converted all the corporate property into cash and no business was thereafter carried on by it. The imposition is laid without regard to the exercise of a franchise, but solely as a condition of its continued existence.

On petition of receiver for directions as to payment of franchise tax.

*Mr. John R. Hardin,* for the petitioner.

*Mr. Robert H. McCarter,* attorney-general, for the state.

BERGEN, V. C.

The defendant company was organized under the laws of this state, and from the date of its incorporation was a manufacturing company with at least fifty per cent. of its capital stock invested in a manufacturing business carried on within this state. It was incorporated in 1899, and each year thereafter, to and including the year 1902, having made to the state board of assessors a proper return, no franchise tax was assessed against the corporation. On the 23d day of September, 1902, the corporation, under proceedings taken in this cause, was adjudged to be insolvent, and Charles J. Roe, the petitioner, was appointed receiver in the manner provided by the General Corporation act of this state. Before the close of the year 1902, the petitioner, as receiver, had converted all of the property of the insolvent corporation into cash, and thereafter no business of any kind was carried on by said corporation or by the petitioner as its receiver in its behalf, yet no steps have been taken to procure the legal dissolution of the company, so that its corporate existence is still preserved. No return for the purposes of assessment for the franchise tax was made, either by the corporation or by the receiver for it, for the year 1903, in the absence of which the state board of assessors levied an annual license fee or franchise tax against the corporation for that year, and the state now demanding its payment, the petitioner requests the direction of this court as to his duty in the premises.

It is admitted that the funds in the receiver's hands are insufficient to pay the debts of the corporation, the amount of the fund being $14,042.97, which will be reduced to the extent of $4,000 if the franchise tax be directed paid, while the amount of the debts proven, including preferred claims, is $26,076.56. The customary form for the making of a return for the purposes of assessing the state franchise tax for the year 1903 was mailed by the state board to the registered New Jersey agent of the defendant corporation. The form was mailed to him in March, 1903, at which time he was absent from the country, and did not return until the month of June of that year, and for that, or some reason not known, the form never came under his

notice. No form for a return for the purposes of such an assessment was sent to the petitioner, nor did one reach him from any source, and no appeal from such assessment was ever taken by the receiver or the corporation.

The claim which the receiver now makes on behalf of the creditors of this insolvent corporation is that, as it was a manufacturing corporation, the assessment would not have been made if a proper return of the character of the business of the corporation and the fact of its insolvency had been made to the state board; that the policy of the lawmaking power of the state is in favor of fostering manufacturing companies, and that the omission to make the return upon which the state board allows the exemption should not be permitted to overthrow this beneficent policy. With a desire to give effect to this liberal intention, I have sought for some logical reason upon which to rest a conclusion favorable to the claim of the petitioner, but have not been able to discover one. The act under which franchise taxes are levied, as amended (*P. L. 1901 p. 31*), enacts that all corporations, other than those which are subject to the payment of a state franchise tax based upon gross receipts, shall make an annual return to the state board, which shall contain the amount of the capital stock of such corporation issued and outstanding on the 1st day of January preceding the making of said return, on or before the first Tuesday in May in each year, and then declares that all corporations shall pay an annual license fee or franchise tax on such capital stock in the manner and to the extent stated in the act. The act further provides that it shall not apply to certain corporations, of which a manufacturing company is one, where at least fifty per cent. of its capital stock issued and outstanding is invested in that business carried on within this state, provided the corporation entitled to the exemption shall have stated in its return where the manufacturing establishment is located, the character of the goods manufactured, the total amount of its capital stock, and the amount of capital stock actually employed in New Jersey in carrying on such manufacturing business. It thus appears that all corporations are liable to the tax, unless its annual return shall disclose that it is within the exempted class.

It has been determined by our court of errors and appeals that the assessment to be made against the franchise of a company incorporated under the laws of this state is an arbitrary imposition laid without regard to the value of its property or its franchises, or whether it exercises the latter or not, and is imposed solely as a condition of its continued existence, and that without regard to solvency or insolvency. *In re United States Car Co., 60 N. J. Eq. (15 Dick.) 514.*

The defendant company had a corporate existence in 1903. It made no return and took no steps to put itself in a position to have the benefit of the proviso contained in the act of 1901, and so far as the state board of assessors had knowledge, it fell within the class described in the act as "all corporations incorporated under the laws of this state." In *Hardin* v. *Morgan, 70 N. J. Law (41 Vr.) 484,* and affirmed by the court of last resort, *71 N. J. Law (42 Vr.) 342,* it was adjudged that "four things at least are now necessary to secure exemption from the state franchise tax. *First.* That at least fifty per cent. of the capital stock of the company, issued and outstanding on January 1st next preceding the annual return, shall be invested in manufacturing carried on within this state. *Second.* That the annual return to the state board of assessors shall state where the manufactory is located, and the character of the goods manufactured. * * * The right to exemption is a matter of grace which the statute confers upon a compliance with its requirements. It is essential, to secure the exemption, that it shall be applied for within the time and in the manner pointed out by the statute, otherwise the exemption is lost.". In the case just cited, the company was a manufacturing corporation, and would have been entitled to the exemption if the proper return had been made. As in the *United States Car Co. Case, supra,* it was held that neither the levying of the assessment after the appointment of the receiver nor the fact of insolvency in any way affected the right of the state to the franchise tax so long as the company continued in existence, and as it has also been determined in *Hardin* v. *Morgan, supra,* that the making of the return is a prerequisite to exemption, I am of the opinion that

. the cases last cited must control the one under consideration, and that as this corporation was subject to a franchise tax or license fee unless it made the return required by law, the assessment was properly levied, and the receiver will be so advised.